**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronnie Ramael Todd, | No. CV-21-01144-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendant. | |

On July 1, 2021, Plaintiff, proceeding *pro se*, initiated this action. (Doc. 1.) The claims alleged in the Complaint are impossible to discern, and the Court is unable to determine who Plaintiff intends to sue. Accordingly, and for the reasons given below, the Court will dismiss the Complaint with leave to amend.

This Court may dismiss claims *sua sponte* under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir.1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 at 593 (1969)). "Such a dismissal may be made without notice where the claimant cannot possibly win relief." *Omar*, 813 F.2d at 991 (citing *Wong*, 642 F.2d at 362). Although "a *pro se* complaint . . . [is] held to less stringent standards than formal pleadings drafted by lawyers," *Woods v. Carey*, 525 F.3d 886, 889–90 (9th Cir. 2008), "a *pro se* litigant is not excused from knowing the most basic pleading requirements" or "from following court rules." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000).

Under Rule 8, a complaint must allege a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must construe all allegations of material fact in the light most favorable to the plaintiff. *Marcus v. Holder*, 574 F.3d 1182, 1184 (9th Cir. 2009). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations omitted). Relatedly, Rule 10 of the Federal Rules of Civil Procedure requires a plaintiff to name each defendant in the complaint. Fed. R. Civ. P. 10(a). "A complaint is subject to dismissal if 'one cannot determine from the complaint who is being sued, [and] for what relief . . . .'" *Smith v. Oreol*, No. EDCV 17–1135–JFW (KK), 2017 WL 2662467, at *2 (C.D. Cal. June 20, 2017) (quoting *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996)).

The Court will dismiss this action because the Court cannot determine from the Complaint who Plaintiff intends to sue or what claim or claims he intends to raise. *See id.* at *3. The Complaint is deficient under Rule 10: Only the State of Arizona is named as a defendant, but the Complaint alleges that an unidentified defendant "is a resident of COOLIDGE, AZ and a citizen of the United States" and, at other times, references multiple "Defendants." (Doc. 1 at 1–2.) As to the relief sought, the Complaint merely alleges "a Constitutional Question" and asks the Court to "issu[e] a Writ of QUIA TIMET" and "restrain the said Defendants . . . from continuing said act or acts." (*Id.* at 2.) The Complaint neither articulates the constitutional question nor specifies the "act or acts" giving rise to Plaintiff's claim. Because the Court cannot decipher Plaintiff's alleged claims, Plaintiff "cannot possibly win relief." *See Omar*, 813 F.2d at 991. The Court will therefore dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil

Procedure. If Plaintiff chooses to file an amended complaint, he "must state each claim separately and identify Defendants for each claim." *Smith*, 2017 WL 2662467, at *3. For each alleged claim, Plaintiff must clearly state (1) the alleged harm; (2) who caused the alleged harm; (3) when the alleged harm was committed; and (4) what actions were committed by each alleged wrongdoer.

Last, the Court addresses the 83-page notice that Plaintiff filed on July 16, 2021. (Doc. 5.) In the Notice, Plaintiff attempts to, among other things, set an "in camera evidentiary conference" for August 5, 2021. (*Id.*) The Court denies all relief requested in the Notice as moot.

Accordingly,

**IT IS ORDERED** that, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Complaint (Doc. 1) is **dismissed without prejudice** for failing to state a claim upon which relief may be granted. Plaintiff has permission to file an amended complaint by **August 9, 2021**, if he so chooses.

**IT IS FURTHER ORDERED denying** all requested relief articulated in Plaintiff's Notice (Doc. 5) **as moot**.

**IT IS FINALLY ORDERD** that, if Plaintiff fails to file an amended complaint on or before **August 9, 2021**, the Clerk of Court shall, without further notice, enter a judgment of dismissal of this action without prejudice and close this case.

Dated this 26th day of July, 2021.

Michael T. Liburdi
United States District Judge